**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDANTE LAMONT-GOLDSBY, | No.   16-35537 |
| Plaintiff-Appellant, | D.C. No.<br>1:14-cv-00032-REB |
| v. | |
| AMANDA KASCHMITTER; JOANNE MCPHEETERS; J. RAMBO; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and GORDON,[**] District Judge.

Andante Lamont-Goldsby, an Idaho state prisoner, appeals from the district court's grant of summary judgment against him in this 42 U.S.C. § 1983 action alleging constitutional violations by prison officials.  Our review is de novo, *see*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

*Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), and we may affirm on any ground supported by the record, *see Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lamont-Goldsby failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Although the alleged acts which form the basis for Lamont-Goldsby's claims occurred between January 2013 and June 22, 2013, he did not file a grievance until November 6, 2013, long after the thirty-day period had expired. Lamont-Goldsby has shown a genuine issue of material fact as to the availability of the grievance process between June 22 and September 16, 2013, when he was housed in segregation at the North Idaho Correctional Institution and then moved to the Kootenai County jail. *See Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016). However, he does not dispute that the grievance process was available between September 16 and October 29, 2013, when he was housed at the Reception Diagnostic Unit. *Cf. Nunez v. Duncan*, 591 F.3d 1217, 1225–26 (9th Cir. 2010) (excusing failure to exhaust administrative remedies when they were rendered effectively unavailable and prisoner "promptly" filed a grievance when it became possible). Lamont-Goldsby's lack of access to a law library during this period may have prevented him from researching his legal claims, but it did not prevent him from grieving the allegedly unconstitutional acts upon which his

claims are based.

**AFFIRMED.**